Derek Brown
Utah Attorney General
Lance Sorenson (10684)
David N. Wolf (6688)
Jorden Truman (19718)
Anikka Hoidal (16489)
Assistant Utah Attorneys General
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (385) 584-6509
lancesorenson@agutah.gov
dnwolf@agutah.gov
jwtruman@agutah.gov
ahoidal@agutah.gov

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| AYLO FREESITES LTD, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> UTAH DIVISION OF CONSUMER PROTECTION, Katie Hass in her official capacity as Director of the Utah Division of Consumer Protection, UTAH DEPARTMENT OF COMMERCE, Margaret Busse in her official capacity as Executive Director of the Utah Department of Commerce. <br><br> *Defendants.* | **ANSWER** <br><br> Case No. 2:26-cv-00340-DBB-JCB <br><br><br> Judge David Barlow <br><br> Magistrate Judge Jared C. Bennett |

Defendants Utah Division of Consumer Protection, Katie Hass, Utah Department of Commerce, and Margaret Busse respectfully submit this Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

Defendants deny each allegation not specifically admitted to herein. The numbered paragraphs of this Answer correspond to the like-numbered paragraphs of Plaintiffs' Complaint.

## **INTRODUCTION**

1.      Defendants lack sufficient information to either admit or deny the allegations in paragraph 1, and therefore deny the same.

2.      Defendants admit that in 2023, Utah enacted an age-verification mandate for adult-content providers, codified at Utah Code § 78B-3-1002(1), which speaks for itself. Defendants deny all allegations in paragraph 2 inconsistent with the plain language of Utah Code § 78B-3-1002(1). Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 2, and therefore deny the same.

3.      Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 3, and therefore deny the same.

4.      As to the first sentence of this allegation, Defendants admit that Utah's age-verification law in place prior to the enactment of S.B. 73 is not at issue in this case, but Defendants lack sufficient information to either admit or deny the remaining allegations in the sentence, and therefore deny the same. Defendants deny the allegations contained in the second and third sentences of paragraph 4. The allegations in the fourth sentence of paragraph 4 constitute legal conclusions to which no response is necessary. To the extent a response is necessary to the allegations in the fourth sentence, Defendants deny all allegations inconsistent

2

with the law.

5.      Defendants admit that Utah enacted the Online Age Verification Amendments, S.B. 73, 66th Leg., Gen. Sess. (2026) (codified at Utah Code § 13-2-1 *et seq.*), which speaks for itself. The remaining allegations in paragraph 5 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

6.      Defendants deny the allegations in the first and second sentences of paragraph 6. Defendants state that the audio recording referenced in paragraph 6 speaks for itself and deny all allegations inconsistent with the recording. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 6, and therefore deny the same.

7.      Defendants deny the allegations in paragraph 7.

8.      The allegations in paragraph 8 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

9.      The allegations in paragraph 9 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

10.     The allegations in paragraph 10 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

11.     The allegations in paragraph 11 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent

with the law.

12. The allegations in paragraph 12 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

## PARTIES

13. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 13, and therefore deny the same.

14. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 14, and therefore deny the same.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. Defendants admit the allegations in paragraph 17.

18. Defendants admit the allegations in paragraph 18.

## JURISDICTION AND VENUE

19. The allegations in paragraph 19 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants do not presently challenge the Court's subject-matter jurisdiction over this action.

20. The allegations in paragraph 20 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants do not presently challenge the Court's authority to enter a declaratory judgment or to provide temporary, preliminary, and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, 28 U.S.C. §§ 2201–02, the all Writs Act, 28 U.S.C. § 1651, 42 U.S.C. § 1983, and the Court's

inherent equitable powers; but maintain that such relief is not warranted in this case.

21. The allegations in paragraph 21 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants do not presently challenge the propriety of the venue in this District.

## FACTUAL ALLEGATIONS

22. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 22, and therefore deny the same.

23. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 23, and therefore deny the same.

24. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 24, and therefore deny the same.

25. Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 25, and therefore deny the same.

26. The allegations in paragraph 26 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

27. The allegations in paragraph 27 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

28. The allegations in paragraph 28 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent

with the law.

29.     The allegations in paragraph 29 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

30.     The allegations in paragraph 30 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants lack sufficient information to either admit or deny the allegations in paragraph 32, and therefore deny the same.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 34, and therefore deny the same.

35.     Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 35, and therefore deny the same.

36.     Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 36, and therefore deny the same.

37.     Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 37, and therefore deny the same.

38.     Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 38, and therefore deny the same.

39.     Defendants admit the allegations in the first and third sentences of paragraph 39.

Defendants lack sufficient information to either admit or deny the remaining allegations contained in paragraph 39, and therefore deny the same.

40.     Defendants admit the allegations in paragraph 40.

41.     Defendants state that the document cited in paragraph 41 speaks for itself and deny any allegations inconsistent with the plain language of the document. Defendants lack sufficient information to either admit or deny the remaining allegations contained in paragraph 41, and therefore deny the same.

42.     Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 42, and therefore deny the same.

43.     Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 43, and therefore deny the same.

44.     Defendants state that the allegations in paragraph 44 present mixed questions of law and fact. The allegations that constitute legal conclusions necessitate no response. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law. Defendants deny the remaining factual allegations contained in paragraph 44.

45.     Defendants admit that technology is evolving. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 45, and therefore deny the same.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants lack sufficient information to either admit or deny the allegations in paragraph 47, and therefore deny the same.

48.     Defendants state that the document cited in paragraph 48 speaks for itself and

deny any allegations in paragraph 48 inconsistent with the plain language of that document.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants state that the document cited in paragraph 50 speaks for itself and deny any allegations in paragraph 50 inconsistent with the plain language of that document.

51.     Defendants state that the recording cited in paragraph 51 speaks for itself and deny any allegations in paragraph 51 inconsistent with that recording.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants state that the allegations in paragraph 54 present mixed questions of law and fact. The allegations that constitute legal conclusions necessitate no response. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law. Defendants deny the remaining factual allegations contained in paragraph 54.

55.     Defendants lack sufficient information to admit or deny the allegations in paragraph 55, and therefore deny the same.

56.     Defendants lack sufficient information to admit or deny the allegations in paragraph 56, and therefore deny the same.

57.     Defendants lack sufficient information to admit or deny the allegations in paragraph 57, and therefore deny the same.

58.     Defendants lack sufficient information to admit or deny the allegations in paragraph 58, and therefore deny the same.

59.     Defendants lack sufficient information to admit or deny the allegations in

paragraph 59, and therefore deny the same.

60.    Defendants lack sufficient information to admit or deny the allegations in paragraph 60, and therefore deny the same.

61.    The allegations in the third sentence of paragraph 61 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 61, and therefore deny the same.

62.    The allegations in paragraph 62 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

63.    Defendants state that the allegations in paragraph 63 present mixed questions of law and fact. The allegations that constitute legal conclusions necessitate no response. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law. Defendants deny the remaining factual allegations contained in paragraph 63.

64.    The allegations in paragraph 64 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

65.    Defendants state that the allegations in paragraph 65 present mixed questions of law and fact. The allegations that constitute legal conclusions necessitate no response. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

Defendants deny the remaining factual allegations contained in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

## COUNT I

67.     Defendants incorporate by reference their responses set forth in the preceding paragraphs.

68.     The allegations in paragraph 68 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

69.     Defendants deny the allegations in paragraph 69.

70.     The allegations in paragraph 70 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

71.     The allegations in paragraph 71 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

72.     Defendants deny the allegations in paragraph 72.

73.     The allegations in the second sentence of paragraph 73 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law. Defendants deny the remaining allegations in paragraph 73.

74.     The allegations in the first sentence of paragraph 74 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all

allegations inconsistent with the law. Defendants deny the remaining allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

**COUNT II**

76.     Defendants incorporate by reference their responses set forth in the preceding paragraphs.

77.     The allegations in paragraph 77 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

78.     The allegations in paragraph 78 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

79.     The allegations in the first and third sentences of paragraph 79 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 79, and therefore deny the same.

80.     The allegations in paragraph 80 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

81.     The allegations in the first sentence of paragraph 81 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law. Defendants lack sufficient information to either admit or deny the allegations in the second sentence of paragraph 81, and therefore deny the same.

Defendants deny all remaining allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

## COUNT III

83.     Defendants incorporate by reference their responses set forth in the preceding paragraphs.

84.     The allegations in paragraph 84 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

85.     Defendants deny the allegations in paragraph 85.

86.     The allegations in the first and final sentences of paragraph 86 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 86, and therefore deny the same.

87.     The allegations in paragraph 87 constitute legal conclusions to which no response is necessary. To the extent a response is necessary, Defendants deny all allegations inconsistent with the law.

88.     Defendants deny the allegations in paragraph 88.

## PRAYER FOR RELIEF

Defendants request the Court deny each prayer for relief set forth in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The claims may be barred, in whole or in part, because Plaintiffs have failed to allege

facts upon which relief may be granted.

## SECOND DEFENSE

The claims may be barred, in whole or in part, due to estoppel.

## THIRD DEFENSE

The claims may be barred, in whole or in part, due to the presumption of constitutionality.

## FOURTH DEFENSE

The claims may be barred, in whole or in part, because any and all harm alleged by Plaintiffs resulted from Plaintiffs' own actions or omissions.

## FIFTH DEFENSE

The claims may be barred, in whole or in part, by some or all of the affirmative defenses set forth in Federal Rule of Civil Procedure 8(c) or other matters which may constitute an affirmative defense. Defendants assert the right to amend these affirmative defenses to assert additional affirmative defenses as they may become known through discovery or further investigation.

Respectfully submitted June 8, 2026.

Derek Brown
Utah Attorney General


/s/Anikka Hoidal
Anikka Hoidal
Lance Sorenson
David N. Wolf
Jorden Truman
Assistant Utah Attorneys General
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2026, the foregoing, *Answer,* was filed using the Court's electronic filing system, which gave notice to the following:

**Daniel Schwei**
JENNER & BLOCK LLP
1099 NEW YORK AVE NW STE 900
WASHINGTON, DC 20001
202-740-1679
Email: dschwei@jenner.com
*LEAD ATTORNEY*
*PRO HAC VICE*

**Lindsay C. Harrison**
JENNER & BLOCK LLP
1099 NEW YORK AVE NW STE 900
WASHINGTON, DC 20001
202-639-6865
Email: lharrison@jenner.com
LEAD ATTORNEY
PRO HAC VICE

**Brandon Scott Fuller**
SNELL & WILMER LLP
15 W SOUTH TEMPLE STE 1200
SALT LAKE CITY, UT 84101
801-257-1868
Fax: 801-257-1800
Email: bfuller@swlaw.com

**Jessica Ring Amunson**
JENNER & BLOCK LLP
1099 NEW YORK AV NW STE 900
WASHINGTON, DC 20001
202-639-6023
Email: jamunson@jenner.com
PRO HAC VICE

**Annika L. Jones**
SNELL & WILMER LLP
15 W SOUTH TEMPLE STE 1200
SALT LAKE CITY, UT 84101
801-257-1967
Email: aljones@swlaw.com

*/s/ Mariann Christesen*
Mariann Christesen
Legal Secretary

15