Derek Brown
Utah Attorney General
Lance Sorenson (10684)
David N. Wolf (6688)
Jorden Truman (19718)
Anikka Hoidal (16489)
Assistant Utah Attorneys General
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (385) 584-6509
lancesorenson@agutah.gov
dnwolf@agutah.gov
jwtruman@agutah.gov
ahoidal@agutah.gov

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AYLO FREESITES LTD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH DIVISION OF CONSUMER PROTECTION, Katherine Hass in her official capacity as Director of the Utah Division of Consumer Protection, UTAH DEPARTMENT OF COMMERCE, Margaret Busse in her official capacity as Executive Director of the Utah Department of Commerce.<br><br>Defendants. | **Supplemental Declaration of Katherine Hass**<br><br>Case No. 2:26-cv-00340-DBB-JCB<br><br>Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

1. I am over the age of 18 and have personal knowledge of the facts set forth in this Declaration.

2. I am the Director of the Division of Consumer Protection (the "Division") within Utah's Department of Commerce and have been in that position since October 2022.

3. My duties include issuing rules to enforce various legislative enactments, including Part 10 of the Liability for Publishers and Distributors of Material Harmful to Minors Act ("the Act"); *See* Utah Code § 13-2-106(1).

4. In addition to general rulemaking authority, the Act permits the Division to make rules that will establish reasonable age verification standards that commercial entities may meet to comply with Section 78B-3-1002. *See* Utah Code § 78B-3-1005.

5. The Division has drafted a proposed rule related to the Act, attached hereto as Exhibit A, and has filed it with the Utah Office of Administrative Rules (the "Office").

6. Pursuant to the Utah Administrative Rulemaking Act, Utah Code § 63G-3-301(4), the Office will publish a rule analysis and the text of the proposed rule in the next issue of the Utah State Bulletin.

7. Following the publication date, there will be a public comment period of at least 30 days, and the Division will review and evaluate all public comments submitted in writing during that time period or presented at public hearings. *See* Utah Code § 63G-3-301(11).

8. Following the public comment period, the Division will establish an effective date for the rule between 7 and 120 days following the close of public comments. *See* Utah Code § 63G-3-301(12)(a).

**DECLARATION UNDER PENALTY OF PERJURY**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the above statements are true and based upon my personal knowledge.